IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| SHYHEEM LEE SMITH, ) | Civil Action No.  4:07-3954-HFF-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| SHERIFF JAMES R. METTS; ) | |
| LEXINGTON COUNTY SHERIFF'S ) | |
| DEPARTMENT; MAJOR JAMES ) | |
| HARRIS; AND LT. KEVIN JONES, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I.  PROCEDURAL BACKGROUND

The plaintiff, Shyheem Lee Smith ("plaintiff"), filed this action under 42 U.S.C. § 1983 on December 11, 2007. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion to dismiss for lack of prosecution on May 6, 2008. Because plaintiff is proceeding pro se, he was advised on or about May 7, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion to dismiss could result in the dismissal of his complaint.  The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on May 21, 2008, marked "Return to Sender-Not Here" (Document #26).

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is

required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion to dismiss for lack of prosecution, or the court's Orders requiring him to respond. Further, the *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service as undeliverable and marked that plaintiff is no longer at that location. (Document #26). Additionally, the Court's Order of December 13, 2007, advised plaintiff that he was "ordered to always keep the Clerk of Court advised in writing if your address changes for any reason . ." (Document #6).  Plaintiff was also advised in this Order that if he failed to comply with deadlines his case may be dismissed for violating the order. Plaintiff has not provided the court with an updated address as required by the Order of December 13, 2007. (Document #6). The undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that defendants' motion to dismiss be GRANTED and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II. CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be

dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that defendants' motion to dismiss for lack of prosecution be GRANTED and plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 26, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**